IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40898
Conference Calendar
_____

DENNIS MITCHELL KADLEC,

Plaintiff-Appellant,

versus

ROY TONY GARCIA, Warden, Coffield
Unit; UNIDENTIFIED MALONE, Sergeant,
Coffield Unit; UNIDENTIFIED HUDSON, Correctional
Officer, Coffield Unit; UNIDENTIFIED RANDALL,
Correctional Officer, Coffield Unit; UNIDENTIFIED
MALICHI, Correctional Officer, Coffield Unit,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-688
- - - - - - - - - -
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dennis Mitchell Kadlec, Texas prisoner # 791082, appeals from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. Kadlec has failed to brief this issue, as he has provided neither argument nor authorities to show that the district court erred in dismissing his suit. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Fed. R. App. P.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28(a)(9).  The appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Because this appeal lacks merit, it is DISMISSED.  See 5th Cir. R. 42.2.

This dismissal of Kadlec's appeal as frivolous counts as a "strike" for the purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Additionally, Kadlec garnered one "strike" when a previous 42 U.S.C. § 1983 suit was dismissed by the district court as frivolous.  See Kadlec v. Garcia, No. 01-40455 (5th Cir., July 30, 2001).  Kadlec also garnered one "strike" when a previous 42 U.S.C. § 1983 suit was dismissed by the district court as frivolous and for failure to state a claim.  See Kadlec v. Officer Hanes, No. 6:00-CV-435 (E.D. Tex., Jan. 8, 2001).  Kadlec thus has at least three "strikes."  Accordingly, Kadlec is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.